RAYMOND R. ABRAMSON, Judge, dissenting. Initially, I agree with the majority that the circuit court was correct in finding a material change in circumstances. However, I strongly disagree, with my brethren that the award of joint custody to parties who cannot cooperate was in the best interest of the children. ImThe majority asserts that this case is distinguishable from Stibich because the level of friction in Stibich exceeded the friction in this ease. Law enforcement intervention, criminal charges, and a petition for a protective order are far from petty. The court specifically described the parties’ relationship as “constant turmoil.” Moreover, the majority ignores that the attorney ad litem recommended that the court award Joel sole legal custody, citing the parties’ disagreements. In her closing arguments, the ad litem noted that she had made a list of nineteen separate issues that Melanie and Joel could not agree on. The list included a range of issues from G.H.’s dyslexia ■ accommodations to his haircut. This level of discord surpasses “unpleasant and undesirable conduct,” as the majority describes the parties’ behavior, and an award of joint custody in these circumstances is diametrically- opposed to our case law. The circuit court saw “a glimmer of hope” that the parties could improve their behavior, but it is not in the best interest of these children to continue to be the center of turmoil on the off chance that their parents will cooperate in the future when they have been at each other’s throats since the divorce. The majority also asserts that the circuit court’s division of decision-making duties will diminish the parties’ friction. I disagree. I fear that the majority’s decision will cause confusion among the bar and bench in future custody cases. At what level of noncooperation. are parties precluded from sharing joint custody? Of greater concern is the evidence that the parties disagreed on accommodations for G.H.’s dyslexia, an issue that straddles the line between educational and medical decisions. Accordingly, given our precedent, the circuit court’s own recognition that the parties cannot cooperate, and the overwhelming evidence demonstrating their discord, I would ^reverse the circuit court’s order of joint custody and remand the case for an award of custody based on its determination of the best interest of the children.